# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RODERICK J. MCGINNIS,**

    Plaintiff,

  -vs-                                          **Case No. 15-CV-1468**

**DR. RICHARD EVANS,**

    Defendants.

## DECISION AND ORDER

The plaintiff, Roderick McGinnis, is a state prisoner housed at the Milwaukee Secure Detention Facility (MSDF). He filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated by a doctor at Aurora Sinai Medical Center, where he was taken for emergency medical treatment in April 2014. Along with his complaint, the plaintiff filed a motion for leave to proceed *in forma pauperis*, which follows but does not use the Court's form.

In his motion for leave to proceed *in forma pauperis*, the plaintiff represents that he is not employed at MSDF and that he does not receive any payment from MSDF at this time. The plaintiff also swears that he has no dependents he is responsible for supporting. He further avers that he has no car, no home, no cash or checking, savings, or other similar accounts, and no property of any value, such as real estate, stocks, bonds,

trusts, or individual retirement accounts, art work, or jewelry. He does mention that he is separated from his wife and that she had a car, though he does not know whether she still owns it.

In support of his motion for leave to proceed *in forma pauperis*, the plaintiff provided two partial prisoner trust fund account statements. Although the plaintiff did not provide a certified copy of his prison trust account statement for the six months prior to the filing of the complaint, the Court used the information provided to calculate an initial partial filing fee of $1.76, which the plaintiff paid on January 21, 2016.

On January 14, 2016, the Court received a letter from the plaintiff asking the court to appoint counsel to represent him because he says he has no idea how to litigate a case. In that letter, the plaintiff reveals that Aurora Sinai (possibly through its insurer) gave him $7,000 to settle his claim against the hospital regarding Dr. Evans' actions. The events described in the plaintiff's complaint took place in April 2014, and the plaintiff obviously received the $7,000 sometime after that, less than two years before he filed his complaint in this case.

Before the Court can consider the plaintiff's motion for leave to proceed *in forma pauperis*, the Court needs additional information about when the plaintiff received the payment, when and how he used the money,

and whether he still has any of the settlement funds, even if they are not currently under his control while he is incarcerated. The Court cannot, based on a partial trust account statement, and with knowledge of a $7,000 settlement payment received less than two years ago, grant the plaintiff's leave to proceed *in forma pauperis* without further information.

The Court will direct the plaintiff to provide this information by **Monday, February 22, 2016**. The plaintiff also must submit a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of the complaint, which is required by 28 U.S.C. § 1915(a)(2). Failure to provide this information may result in the dismissal of this action for failure to prosecute. *See* Civil Local Rule 41(c) (E.D. Wis.) (copy attached).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff shall write to the Court on or before **Monday, February 22, 2016**, and provide information about when the plaintiff received the payment from Aurora Sinai (or its insuer), when and how the plaintiff used the money, and whether the plaintiff still has any of the settlement funds, even if they are not currently under his control while he is incarcerated. The plaintiff must also provide a certified copy of his prison trust account statement for the 6-month period immediately

- 3 -

preceding the filing of the complaint.  *See* 28 U.S.C. § 1915(a)(2).

Dated at Milwaukee, Wisconsin, this 26th day of January, 2016.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

## Civil Local Rule 41(c)
## Dismissal for Lack of Diligence

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, and Civil L. R. 41(a) or (b) does not apply, the Court may enter an order of dismissal with or without prejudice.  Any affected party may petition for reinstatement of the action within 21 days.