UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RODERICK J. MCGINNIS,**

    Plaintiff,

-vs-                                   Case No. 15-CV-1468

**DR. RICHARD EVANS,**

    Defendants.

## DECISION AND ORDER

The plaintiff, Roderick McGinnis, is a state prisoner housed at the Milwaukee Secure Detention Facility (MSDF). He filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated by a doctor at Aurora Sinai Medical Center, where he was taken for emergency medical treatment in April 2014. This matter comes before the Court on the plaintiff's motion for leave to proceed *in forma pauperis*, the plaintiff's motion to appoint counsel, the plaintiff's motion for screening of complaint, and for screening of the plaintiff's complaint.

The plaintiff has been assessed and paid an initial partial filing fee of $1.76 based on a two month prisoner trust account statement. However, when the plaintiff revealed that he had received a $7,000 settlement from the hospital for claims regarding this case, the Court was required to seek additional information before concluding that the plaintiff lacked the funds

to pay the filing fee for this action. The Court also directed the plaintiff to submit a certified copy of his prison trust account statement for the six months prior to filing his complaint in an attempt learn more about the plaintiff's financial situation. The plaintiff has advised the Court that he no longer has any of the $7,000 remaining and that he is unable to provide a longer trust account statement because he has only been at MSDF since October 2, 2015. Based on the plaintiff's submissions, the Court will grant the plaintiff's motion for leave to proceed *in forma pauperis*.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to

- 3 -

Case 2:15-cv-01468-JPS   Filed 02/15/16   Page 3 of 10   Document 13

relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

On April 21, 2014, the plaintiff was an inmate at MSDF. He

- 4 -

experienced a great amount of pain in his lower abdomen and was taken to the emergency room at Aurora Sinai Medical Center in Milwaukee, Wisconsin. After having tests and x-rays done, the plaintiff was told that he needed emergency surgery due to an enlarged appendix. During the surgery, the doctor discovered that the plaintiff had Crohn's disease.

On April 29, 2014, defendant surgeon Richard Evans, M.D., along with another doctor, came to the plaintiff's room to remove a staple from his incision. The plaintiff was told that he had a little infection and that he needed his wound reopened. Then, without any warning, explanation, preparation, or medication, Dr. Evans rammed his fingers into the plaintiff's wound. The plaintiff felt pain worse than he had ever felt in his life and "begged at the top of [his] lungs and pleaded for this doctor to stop." (ECF No. 1 at 3). The plaintiff could not grab the doctor's arm because he was handcuffed. Despite the plaintiff's begging and pleading, Dr. Evans did not stop until he was done. There were five other people who heard the plaintiff crying out and no one helped.

"The Eighth Amendment safeguards the prisoner against medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (quoting *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816,

- 5 -

Case 2:15-cv-01468-JPS    Filed 02/15/16    Page 5 of 10    Document 13

828 (7th Cir. 2009); *see also, Estelle*, 429 U.S. at 103). Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. *Arnett*, 658 F.3d at 750 (citing *Estelle*, 429 U.S. at 104). "Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez*, 577 F.3d at 828 (quoting *Estelle*, 429 U.S. at 104).

Although Dr. Evans is not a state employee, the plaintiff's claims at this stage suggest that Dr. Evans was acting under the color of state law when he treated the plaintiff, a prisoner from MSDF. *See Rodriguez*, 577 F.3d at 822–23, 827.

The plaintiff may proceed on an Eighth Amendment medical care claim against Dr. Evans regarding the pain he allegedly caused the plaintiff on April 29, 2014 when he rammed his fingers into the plaintiff's wound.

On January 14, 2016, the Court received a letter from the plaintiff asking the court to appoint counsel to represent him because he says he has no idea how to litigate a case. The Court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1);

*Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only on the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

The Court will deny the plaintiff's motion because he has not shown a reasonable attempt to secure counsel on his own. Generally, the plaintiff should contact at least three attorneys and ask them to take his case. Then, if none of the attorneys accept his case, he may again ask the Court to recruit pro bono counsel for him and provide the Court with the names and addresses of the attorneys and when he contacted them, along with any letters he may receive in response.

The Court also notes, though, that the plaintiff prepared a very clear and concise complaint and effectively communicates with the Court. He also was able to file a claim with the hospital's risk management

- 7 -

department and secure a $7,000 settlement from the hospital's insurance company on his own. These factors suggest the plaintiff is competent to litigate this case.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (ECF No. 9) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to screen complaint (ECF No. 12) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.24 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S

CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15th day of February, 2016.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**