# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RODERICK J. MCGINNIS, <br><br> Plaintiff, <br> v. <br><br> DR. RICHARD EVANS, <br><br> Defendant. | Case No. 15-CV-1468-JPS <br><br><br><br> ORDER |

1. INTRODUCTION

On June 8, 2016, the defendant, Dr. Richard Evans ("Evans"), filed a motion for summary judgment, as well as a brief in support, statement of facts, and an affidavit from Evans. (Motion, Docket #23; Brief in Support, Docket #24; Statement of Facts, Docket #25; Affidavit of Richard Evans, Docket #26). In accordance with Local Rule 56, the plaintiff, Roderick J. McGinnis ("McGinnis"), was permitted until July 8, 2016, to submit a response. Civil L. R. 56(b)(2). It has been more than a month since that deadline passed and McGinnis has provided neither a response nor any other communication with the Court, other than a refusal to magistrate jurisdiction filed on August 18, 2016. (Docket #30).

In fact, on August 5, 2016, two days after this case was reassigned to this Court, Evans filed a letter updating the Court on the status of the case and highlighting the fact that his summary judgment motion remained unopposed and outstanding. (Docket #29). McGinnis was copied on the letter and has still failed to file anything other than the magistrate consent form since that time. It appears, then, that McGinnis has chosen not to respond to the motion. The Court will, therefore, address Evans' motion in its

unopposed form and, for the reasons explained below, the motion will be granted.

2.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides the mechanism for seeking summary judgment. Rule 56 states that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A "genuine" dispute of material fact is created when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court construes all facts and reasonable inferences in a light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3.     RELEVANT FACTS

Because McGinnis failed to respond to Evans' statement of facts, the Court considers them undisputed. Fed. R. Civ. P. 56(e). They are as follows. In April 2014, while incarcerated at the Milwaukee Secure Detention Facility, McGinnis began experiencing abdominal pain. (Docket #25 at ¶ 2). He was taken to Aurora Sinai Medical Center ("Aurora") where he underwent an appendectomy on April 21, 2014. *Id.* at ¶¶ 3-4.

Evans, an on-call surgeon at Aurora's emergency department, responded to a request from a colleague for a surgical consultation to examine McGinnis after the appendectomy. *Id.* at ¶ 5. On April 29, 2014, Evans and another physician observed that McGinnis' incision site was infected. *Id.* at ¶ 6. Evans reopened the incision site to treat the infection. *Id.*

McGinnis claims that Evans did so by jamming his fingers into the wound, causing him great pain. *Id.* at ¶ 7.

On December 9, 2015, McGinnis filed a complaint against Evans pursuant to 42 U.S.C. § 1983 for constitutional injury. *Id.* at ¶ 1. McGinnis was allowed to proceed on an Eighth Amendment claim against Evans for deliberate indifference to his serious medical needs. (Docket #13 at 6). By pursuing this claim, McGinnis impliedly alleged that Evans was a state actor who would be subject to this type of liability. (Docket #25 at ¶ 9); *see supra* Part 4. However, at all times relevant, Evans was not a Wisconsin state employee or contractor. *Id.* at ¶ 11. Instead, the care he provided to McGinnis was as a private practice physician and done pursuant to a contract with Aurora. *Id.* at ¶ 12.

4.   ANALYSIS

To state a claim for a violation of constitutional rights pursuant to 42 U.S.C. § 1983, a plaintiff must prove that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Evans argues that he was not a state actor at the time he allegedly injured McGinnis, and thus that McGinnis cannot maintain a Section 1983 claim against him. (Docket #24).

To be a state actor, the Court must find "such a 'close nexus between the State and the challenged action' that the challenged action 'may be fairly treated as that of the State itself.'" *Rodriguez v. Plymouth Ambulance Service*,

577 F.3d 816, 823 (7th Cir. 2009) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). For medical providers like Evans, it is a "functional inquiry, focusing on the relationship between the state, the medical provider, and the prisoner." *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 797 (7th Cir. 2014) (citing *Rodriguez*, 577 F.3d at 826). *Shields* elaborated:

> [A private medical company] that contracts to provide medical care to prisoners undertakes "freely, and for consideration, responsibility for a specific portion of the state's overall [constitutional] obligation to provide medical care for incarcerated persons," [*Rodriguez*, 577 F.3d] at 827, and thus acts under color of state law for purposes of § 1983. On the other hand, we have held that medical providers who have "only an incidental or transitory relationship" with the penal system generally are not considered state actors. *Id.* at 827.

*Id.* at 797-98. The *Rodriguez* court used emergency medical care at a private hospital as an example:

> For instance, an emergency medical system that has a preexisting obligation to serve all persons who present themselves for emergency treatment hardly can be said to have entered into a specific voluntary undertaking to assume the state's special responsibility to incarcerated persons. *See* Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd *et seq.* Rather, it has undertaken to provide a specific service, emergency medical care, to all who need those services. The fact that it does not, and cannot, discriminate against incarcerated individuals does not mean that it has agreed to step into the shoes of the state and assume the state's responsibility toward these persons. It has not " 'assume[d] an obligation to the [penological] mission that the State, through the [prison], attempts to achieve.'" [*West v. Atkins*, 487 U.S. 42, 51 (1988) (quoting *Polk County v. Dodson*, 454 U.S. 312, 320 (1981)).]

*Rodriguez*, 577 F.3d at 827-28.

Evans falls precisely within the *Rodriguez* example. He had no contract of employment or as an independent contractor with Wisconsin or any of its prisons. Instead, he was a private employee of Aurora, tasked with providing on-call surgical care to those persons entering its emergency department. In fact, Evans did not even provide McGinnis primary treatment—apparently some other surgeon performed the appendectomy. Evans was merely asked by a colleague to examine Evans, and did so. The entirety of Evans' treatment occurred in Aurora, not in a state prison facility. Under these facts, the Court cannot find a sufficient nexus between Evans' action and the state such that Evans' action "may be fairly treated as that of the State itself." *Rodriguez*, 577 at 823. Rather, Evans entered an agreement with Aurora "to provide a specific service, emergency medical care, to all who need those services," and "the fact that [he did] not, and [could not], discriminate against incarcerated individuals does not mean that [he had] agreed to step into the shoes of the state[.]" *Id.* at 828. Evans' relationship with the state prison system was merely "incidental or transitory." *Shields*, 746 F.3d at 797 (quoting *Rodriguez*, 577 F.3d at 827). The Court concludes that Evans was not a state actor who may be subject to Section 1983 liability.

5. CONCLUSION

Evans was not a state actor when he provided the allegedly injurious treatment to McGinnis. McGinnis' constitutional claim must, therefore, be dismissed.

Accordingly,

IT IS ORDERED that the defendant's motion for summary judgment (Docket #23) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of August, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge